NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLAJUWAN HERBERT, | |
| Petitioner, | Civ. No. 23-1891 (CCC) |
| v. | **MEMORANDUM AND ORDER** |
| THEODORE N. STEPHENS, II, et al., | |
| Respondents. | |

**CECCHI, District Judge**

In April 2023, petitioner Olajuwan Herbert ("Petitioner"), a pretrial detainee at Essex County Correctional Facility ("ECCF") in Newark, New Jersey, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing state court criminal proceedings. ECF No. 1. Currently before the Court are Petitioner's (i) § 2241 petition (ECF No. 1); (ii) application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1); (iii) motion to stay the state court proceedings (ECF No. 2); and (iv) letter requests to stay his § 2241 petition (ECF Nos. 3, 4). For the reasons set forth below, Petitioner's IFP application is granted, Petitioner's various stay requests are denied, the petition is dismissed without prejudice, and a certificate of appealability will not issue.

As an initial matter, the Court finds that Petitioner has demonstrated indigence. *See* 28 U.S.C. § 1915(a)(1) & (2). Accordingly, IFP status is appropriate and Petitioner's IFP motion (ECF No. 1-1) will be granted.

Petitioner's § 2241 petition appears to assert five grounds for relief, including arguments related to alleged discovery violations, hearing requests, and allegations of ineffective assistance of counsel. ECF No. 1 at 6–10. Petitioner has not exhausted these claims in state court. *Id.*; *see*

*also* ECF No. 3 at 1.  In June 2023, Petitioner moved to stay his state court criminal proceedings so that his § 2241 petition "could be resolved in the District Court." ECF No. 2 at 3.  However, he then moved in July 2023 to stay his § 2241 petition.  ECF No. 3.  He represents that he "went to video court on 6/21/2023 and the [state court] judge heard one of [his] motions" and "set the next court date for 9/6/2023." *Id*.  He asserts that he was not "striving to waste [this Court's] time, however [he] was being denied his State Constitutional right to be heard in court." *Id.*  As "the court [is] now hearing [his] pleas of help," he requests that this Court stay his § 2241 proceedings "until the hearing for discovery [is] final." *Id*.  In September 2023, Petitioner requested that the Court "keep the habeas corpus on [the] docket until all motions [are] disposed of . . . ." ECF No. 4 at 9.

Habeas petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 4, which is applicable to §2241 petitions under Rule 1(b), provides in relevant part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4, 28 U.S.C. § 2254; Rule 1, 28 U.S.C. § 2254 ("[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" *i.e.*, Section 2241 petitions).

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citations and footnote omitted).  That being said, federal district courts have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" *See* 28 U.S.C. § 2241(c)(3).  However, such pretrial jurisdiction "without exhaustion should not be exercised . . . unless extraordinary circumstances are present." *See Moore*, 515 F.2d at 443 (collecting cases).

And, where no extraordinary circumstances are present, federal district courts are to exercise such pretrial jurisdiction only if a petitioner makes "a special showing" of the need "to litigate the merits of a constitutional defense to a state criminal charge[,]" and the petitioner "has exhausted state remedies." *See id.* (citation omitted).

Here, Petitioner has neither alleged nor shown that he made any attempt to exhaust state court remedies or that such remedies were unavailable to him. ECF No. 1 at 6–10. To the contrary, he concedes that he "filed the Habeas . . . without first exhausting all remedies," contending that he did so because he had been denied the opportunity to speak at his court hearings. ECF No. 3 at 1. However, he was, absent extraordinary circumstances, required to exhaust state court remedies before filing a petition in this Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (explaining that, before seeking federal habeas relief, a "state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (cleaned up); *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 479 (3d Cir. 2017) ( "[t]o satisfy this requirement, a petitioner must 'fairly present' his federal claim's 'factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted'") (quoting *Robinson v. Beard*, 762 F.3d 316, 328 (3d Cir. 2014)).

Because Petitioner has failed to exhaust, the Court must next determine whether he has shown extraordinary circumstances warranting the Court's review of his constitutional claims before the state courts have had the opportunity to do so. He has not; rather, it appears that his arguments—which relate to alleged discovery violations, hearing requests, and allegations of ineffective assistance of counsel—are being or may have already been addressed by the state trial court. ECF Nos. 1 at 6–10, 5, 6. For example, according to Petitioner's June 2023 letter, the state court judge "granted [Petitioner] approval to proceed as Pro-se" and "heard one of [Petitioner's]

3

motions"; and "the omnibus motion was not heard or rule[d] upon because discovery will be resolved." ECF No. 3 at 1. According to another letter, Petitioner "went to court on 9-26-23 . . . for inspection of counsel['s] trial file and additional material . . . . The Court also heard [Petitioner's] Bill of Particulars," but "[t]he motion has not been concluded because the court want[s] to make sure that [Petitioner] has pertinent material before [he] proceed[s] to trial pro-se with counsel as Second Chair." ECF No. 4 at 4; *see also* ECF Nos. 5, 6.

In short, this is a premature attempt to litigate constitutional claims in federal court. There are ongoing state court criminal proceedings in which Petitioner can raise the issues that he asks this Court to consider, and Petitioner has not exhausted those remedies or otherwise shown extraordinary circumstances warranting pretrial habeas review. Accordingly, Petitioner's § 2241 petition will be dismissed without prejudice to refiling once the state courts have had the opportunity to consider his constitutional claims. *See generally Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992) ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings."); *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("By requiring exhaustion, federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants.") (citation and internal quotation marks omitted).

In light of the Court's dismissal of the § 2241 petition, Petitioner's motion to stay his state court criminal proceedings will be denied as moot. Petitioner's requests to stay his § 2241 petition will also be denied. To the extent the state court proceedings do not render his constitutional claims moot, he may refile his petition after he has availed himself of the remedies afforded by state law.

4

Finally, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

IT IS, therefore, on this 11th day of January, 2023,

**ORDERED** that Petitioner's IFP application (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** that Petitioner's § 2241 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Petitioner's motion to stay his state court proceedings (ECF No. 2) is **DENIED**; and it is further

**ORDERED** that Petitioner's requests to stay his § 2241 petition (ECF Nos. 3, 4) are **DENIED**; and it is further

**ORDERED** that Petitioner is **DENIED** a certificate of appealability; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and shall **CLOSE** the file.

                                      s/ Claire C. Cecchi
                                  **CLAIRE C. CECCHI, U.S.D.J.**